# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF GEORGIA

| | |
|---|---|
| **ELONDA REESE as parent, guardian and Next friend of M.L., a minor**<br><br>Plaintiff,<br><br>vs.<br><br>**DOUGLAS COUNTY SCHOOL DISTRICT, and JOHN/JANE DOES Nos. 1-2 and JOHN DOES 3-5,**<br><br>Defendants. | Civil Action File<br>No. _____ |

## COMPLAINT

**COMES NOW ELONDA REESE as parent, guardian, and Next friend of M.L., a minor** and file this Complaint against the Douglas County School District and John/Jane Does Nos. 1-5, and shows this Court as follows:

### BACKGROUND

This cause of action arises from a sexual assault and hazing of a student (hereinafter sometimes "M.L.") attending Douglas County High School (hereinafter sometimes "Douglas County High" or "DCHS), a school located in the Douglas County School District system (hereinafter sometimes referred to by its' full name or as "DCSD" or "the District").

Defendant, Douglas County School District, and its administrators,

executives, and others in authority, failed to promptly, properly, or appropriately investigate and respond to reports of sexual misconduct and hazing incidents prior to M.L. being hazed and sexually assaulted.

This action is relevant to and in response to the *deliberate indifference* Douglas County School District, its' executives, and administrators, demonstrated by their individual and collective actions and inactions. By and through the conduct described herein, the actions and inactions of DCSD's administrators, executives and persons in authority created and allowed the continuation of a hostile environment for students, more particularly young, vulnerable student athletes, thereby denying them lawful access to educational opportunities.

This action alleges, among other allegations, violations as to Douglas County School District's administration of obligations created under Title IX; violations of 42 U.S.C. §1983; violations of 42 U.S.C. §1988; the denial of equal protection of the laws under the Fourteenth Amendment to the U.S. Constitution; and other violations of state tort claims as Negligent Training and Supervision, and violations of federal regulations.

## JURISDICTION AND VENUE

1. This Court has original jurisdiction over this civil matter because it arises under the Constitution of the United States and involves matters of federal law

pursuant to 28 U.S.C. § 1331.

2. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1343, which gives District Courts original jurisdiction over (a) any civil action authorized by law to be brought by any person to redress the deprivation, under color of any state law, statute, ordinance, regulation, custom or usage of any right, privilege or immunity secured by the Constitution of the United States or by any Act of Congress providing for equal rights of citizens or of all persons within the jurisdiction of the United States; and (b) any civil action to recover damages or to secure equitable relief under any Act of Congress providing for the protection of civil rights.

3. Plaintiff brings this action as to defendant Douglas County School District to redress a hostile educational environment pursuant to Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681(a), as more fully set forth herein.

4. This action as to defendant Douglas County School District is also an action to redress the deprivation of M.L.'s constitutional rights under the Fourteenth Amendment of the United States Constitution pursuant to 42 U.S.C. § 1983

5. Venue is proper in this Court under 28 U.S.C. § 1391(b) because jurisdiction is not founded on diversity and a substantial part of the events and omissions giving rise to the claims in this action occurred in Douglas County, Georgia, which is in and a part of the Northern District of Georgia.

## THE PARTIES

6. Plaintiff Elonda Reese (hereinafter sometimes "Ms. Reese") is the natural mother, parent, guardian, and Next Friend of M.L., a minor.

7. At all times relevant hereto, both Ms. Reese and M.L. were permanent residents of Douglas County, Georgia, and by the filing of this Complaint submit to the jurisdiction and venue of this Court.

8. At all times relevant hereto, M.L. was a fifteen (15) year old, 10th grade student athlete participating in Douglas County High School's basketball program.

9. Defendant Douglas County School District is a public educational institution located in Douglas County, Georgia.

10. At all times relevant hereto the Superintendent of Schools of the Douglas County School District was Trent North (hereinafter sometimes "Mr. North" or as "the Superintendent").

11. At all times relevant hereto, Superintendent North acted in his individual and official capacities; worked within the County of Douglas; and was an agent/employee of the Douglas County School District and acted and failed to act within and in accordance with the scope, course, and authority of his employment.

12. Defendant, Douglas County School District can be properly served in this action by delivering a Summons and Complaint to the Superintendent of the Douglas

County School District at its offices located at 11490 Veterans Memorial Highway, Douglasville, Georgia 30134.

13. Defendants John/Jane Does Nos. 1- 2, as yet to be identified with certainty, were employees and/or teachers and/or coaches employed by the Douglas County School District and assigned to the Douglas County High School.

14. At all times relevant hereto, John Does Nos. 3-5 were student athletes on the Douglas County High School basketball team who were involved in and participated in the hazing and sexual assault of M.L.

15. All John/Jane Does, upon being identified with certainty, may be added as party-defendants to this action and can be properly served in this action by delivering a Summons and Complaint to each at his or her residence, or wherever he or she may be located in the State of Georgia.

## BACKGROUND AND FACTS

16. On November 4, 2023, M.L. was tackled in the locker room of the Douglas County High School by other student athletes (identified as John Does Nos. 3-5) where he was held down; his pants and undergarments pulled off thus rendering him completely naked and exposing his private areas while other students watched; some with cell phones capable of taking photographs and video.

17. Douglas County High School is a public school located at 8705 Campbellton

Street, Douglasville, Georgia, and is one of the schools in the public-school system established, operated, and maintained by the Douglas County School District.

18. The Douglas County Board of Education (hereinafter sometimes "the Douglas County BOE" or as "the Board" is the governing body of the Douglas County School District (O.C.G.A. § 20-2-59), including the Douglas County High School, and delineates and delegates specific duties to the Douglas County School District and its Superintendent.

19. The Chairperson of the Douglas County Board of Education is Tracy Rookard (hereinafter sometimes "Ms. Rookard").

20. At all times relevant hereto, the principal of the Douglas County High School was Ms. Kenja Parks (hereinafter sometimes "Ms. Parks" or as "principal Parks").

21. At all times relevant hereto, Douglas County High School had and supported high school athletics, in this instance, a high school basketball team made up of Douglas County High School students.

22. Upon information and belief, at all times relevant hereto, James Richards (hereinafter sometimes "Coach Richards") was a coach of the Douglas County High School basketball team (hereinafter sometimes the "DCHS basketball team").

23. At all times relevant hereto, the Douglas County School District, including the administration and the coaching staff of the Douglas County High School

basketball team knew that it was required to provide a safe, positive environment for its students.

24. At all times relevant hereto, among other things of which the District was aware and prohibited were:

    (a) verbal assaults such as unwanted teasing or name-calling by students;

    (b) threats, taunts and intimidation through words and gestures by students;

    (c) direct physical contact such as hitting or shoving, including hitting and shoving in bullying and hazing incidents;

    (d) physical violence and/or attacks, including such physical violence and assaults during hazing events;

    (e) public and social humiliation of students, including such humiliation occurring in bullying and hazing incidents;

    (f) the use of cameras or camera phones to take embarrassing photographs.

25. Upon information and belief, at all times relevant hereto, the District had and published and provided or made available to staff, teachers, coaches, parents, and students, a manual or Student Handbook.[1]

26. At all times relevant hereto, the Douglas County School District maintained

---

[1] A copy of the DCHS Polices & Procedures for 2023-2024, Section II is available online, https://cdnsm5-ss19.sharpschool.com/UserFiles/Servers/Server_125264/File/resources/students/2023-2024%20High%20School%20Handbook%20FINAL%20(1).pdf

it was 'committed to a pursuit of educational excellence.'

27. At all times relevant hereto, the Douglas County School District was aware that the General Assembly of Georgia charged the Professional Standards Commission with a duty of adopting a code of professional ethics for educators.

28. The Georgia Professional Standards Commission sets and applies guidelines for the preparation, certification, and continued licensing of public educators.

29. The intent of the Code of Conduct applicable to the Douglas County School District and all Georgia Public School Districts receiving any form of remuneration from the federal government and educators is, at least in part, to protect the health, safety, and general welfare of students.

30. At all times relevant hereto, the Douglas County School District had a policy prohibiting any form of discrimination, bullying or sexual harassment based on gender in its athletic programs.

31. At all times relevant hereto, the Douglas County School District defined, at least in part, sexual harassment as 'Unwelcome conduct determined by a reasonable person to be so severe, pervasive, and objectively offensive that it effectively denies a person equal access to the District's education program or activity.'

32. At all times relevant hereto, the Douglas County School District defined sexual assault as "an offense classified as a forcible or non-enforceable sex offense

under the uniform crime reporting system of the Federal Bureau of Investigation.'

33. At all times relevant hereto, the Douglas County School District had a policy whereby school staff, including teachers and coaches, were expected to take appropriate action to stop or curtail bullying and hazing incidents.

34. John Does 1 and 2, as members of the Douglas County High School teaching and/or coaching staff, knowing that they were expected to ensure appropriate action was taken to stop or curtail bullying and hazing incidents, and were further responsible to intervene when seeing a student was being bullied or hazed.

35. Defendant Douglas County School District, having knowledge of sexual harassment, hazing incidents, bullying and sexual misconduct failed to take reasonable or appropriate action(s) despite such knowledge thereby displaying a clear and deliberate indifference to clearly foreseeable assaults and hazing incidents of student athletes.

36. At all times relevant hereto the Douglas County School District was aware of and recognized the negative impact that bullying, particularly severe, pervasive, and objectively offensive bullying, could have a very negative impact on a bullied student's health, welfare, and safety and on such student's learning environment.

37. On Saturday, November 4, 2023, Ms. Reese arrived at Douglas County High School to pick up her son (identified herein as "M.L.") who was at school for

Douglas County High School basketball team photographs.

38.  As M.L. was walking to Ms. Reese's car, Coach Richards was accompanying M.L. toward her vehicle.

39.  Coach Richards, upon reaching Ms. Reese's car with M.L. told Ms. Reese that there 'had been an incident' involving her son which he (Richards) indicated was a 'hazing' incident that had taken place in the locker room.

40.  During Coach Richards' conversation with Ms. Reese, coach Richards acknowledged that prior similar incidents had occurred in the past.

41.  Upon information and belief, routine incidents of hazing and-peer-on-peer harassment of student athletes participating in school athletic programs were known by the Douglas County High School administration and staff, including its coaches and coaching staff, and was consciously and deliberately ignored and treated with complete deliberate indifference.

42.  The Douglas County School District defines being *deliberately indifferent* as meaning 'a response to sexual harassment that is clearly unreasonable in light of known circumstances.'

43.  The Douglas County School District, including its administration and coaches have long been aware of student-on-student misconduct and incidents of hazing by student athletes and failed miserably in protecting such students who are entrusted

to teachers, coaches and staff employed by the Douglas County School District.

44. The hazing and sexual assault of M.L. was 'clearly unreasonable in light of known circumstances.'

## CAUSES OF ACTION

### COUNT ONE
### Defendant Douglas County School District's
### Violation of Title IX of the Educational Amendments of 1972

43. The Douglas County School District is an "educational program or activity receiving Federal financial assistance..." within the meaning of Title IX of the Education Amendments of 1972, 20 U.S.C. §1681(a) (hereinafter "Title IX").

44. At all times relevant hereto M.L. had, federally protected civil rights secured by federal statutes under Title IX of the Educational Amendments of 1972 which provided, in pertinent part:

[N]o person shall…be subjected to discrimination under any educational program or activity securing Federal financial assistance…

45. Title IX of the Education Amendment of 1972 ("Title IX"), 20 U.S.C. § 1681(a) provides:

> No person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefit of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance....

46. Title IX's broad prohibition against sexual discrimination includes *sexual harassment and sexual assault and bullying.*

47. Title IX of the Educational Amendments of 1972 provides clear civil rights, which are not amorphous or vague with respect to the provision of a safe school environment, free from discrimination, harassment, sexual harassment, and intimidation, including the sexual abuse suffered by M.L. as described and set forth hereinabove.

48. Sexual harassment, including any form of sexual abuse, bullying or mistreatment is a form of unlawful sexual discrimination that can violate the Equal Protection Clause of the 14th Amendment to the United States Constitution.

49. Sexual assaults and physical assaults, including such assaults as part of hazing incidents are all forms of actionable sexual harassment under Title IX.

50. Douglas County School District, including its administration and coaches at Douglas County High School had knowledge of on-going incidents of hazing of student athletes.

51. Douglas County School District displayed its *total indifference* to consequences by failing in its duty to protect its vulnerable student body, in the instant case M.L., by totally disregarding the likelihood of foreseeable and continued misconduct in the form of hazing by student athletes upon other student athletes.

52. Douglas County School District was *deliberately indifferent* to consequences by failing to address the conditions that allowed hazing, particularly those hazing incidents of student athletes, to exist and by failing to be proactive in empowering and mandating teachers, coaches and students to identify, report and address incidents of hazing, bullying and sexual assault and harassment.

53. M.L.'s Equal Protection rights were violated when he suffered an outrageous, severe, pervasive and offensive bullying assault on November 4, 2023, when he was tackled, held down, his pants and undergarments completely removed rendering him naked and exposing his privates in the locker room of the Douglas County High School, while other student athletes watched, some with cell phones capable of taking photographs and videos.

54. A school district, in this case, Douglas County School District, is liable for damages for student-on-student sexual harassment, assault and bullying where, (i) the sexual harassment or assault is 'so severe, pervasive, or objectively offensive' that it 'effectively denied equal access to the school's resources and opportunities; (ii) the district had actual knowledge of such sexual harassment, assault and bullying, and had substantial control over the harasser(s) and the context in which the harassment occurred; and (iii) the district's response to the harassment or bullying was deliberately indifferent or unreasonable in light of known consequences.

55. The conduct complained of, being stripped naked and bullied and the likely possibility that photographs may have been taken to further embarrass and humiliate M.L. was severe, pervasive, and objectively offensive.

56. Douglas County School District's response to the ongoing practice of harassment, hazing and bullying by student athletes was clearly demonstrative of deliberate indifference and unreasonable in light of known and clearly foreseeable consequences.

57. As a direct and proximate consequence and result of the *deliberate indifference* of the Douglas County School District, M.L. was caused to suffer virtually immeasurable damages and was further was forced to endure the impact of continuing his educational opportunities and the impact such denial would have on her future monetary success.

## COUNT TWO
### Defendant Douglas County School District's Violation of 42 U.S.C. § 1983

58. 42 U.S.C. § 1983 states:

    Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity...

59. At all times relevant hereto, M.L. had a liberty interest in his bodily integrity

that was protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

60. Section 1983 applies to public school officials, including teachers, principals, and school administrators, when they violate students' constitutional rights.

61. At all times relevant hereto, there were laws, rules, regulations, policies, and procedures, promulgated by federal and state law applicable to the Douglas County School District.

62. At all times relevant hereto, Defendant Douglas County School District failed to maintain an appropriate learning environment by failing to adhere to such laws, rules, regulations, policies, and procedures promulgated by federal and state law.

63. Douglas County School District's conduct described herein and to be shown with additional clarity and certainty at trial, demonstrated M.L.'s being deprived of his liberty interests in his bodily integrity in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

64. The conduct described herein and to be shown with additional clarity and certainty at trial, demonstrate Defendant Douglas County School District's failure to take minimal precautions to safeguard the bodily integrity of M.L. and other students attending DCHS, particularly those participating in school supported athletic programs, thereby allowing, and elevating the opportunity for hazing.

65. The Douglas County School District, by and through the conduct of its employees, including but not necessarily limited to the teachers, administrators, staff and coaches of the Douglas County High School basketball team, allowed hazing of school students to exist and continue to exist and survive despite its knowledge of the well-known federally protected civil rights and state laws applicable to such students.

66. The School District is liable to Plaintiff under 42 U.S.C. § 1983 for damages in such amount as will compensate M.L. for the physical, emotional, mental, and educational injuries he has suffered and will likely continue to suffer long into the future.

**COUNT THREE**
**Defendant Douglas County School District's**
**Liability under 42 U.S.C. § 1988**

67. Douglas County School District is liable to M.L. under 42 U.S.C. § 1988 for reasonable attorney's fees, including expert fees, as part of the costs in this action.

**DAMAGES APPLICABLE TO ALL COUNTS**

68. While the Douglas County School District alleges or maintains it is somehow committed to promoting and impacting student academic and educational success….it failed in its' duties owed to M.L. resulting in physical, emotional and mental harm, pain and suffering and has impacted M.L.'s educational opportunities

causing him to suffer the impact of his injuries long into the future.

69. As a direct and proximate result of the conduct, actions, and inactions of Defendant Douglas County School District, and of its deliberate indifference to consequences to and in violation of M.L.'s clearly established Constitutional and federally protected rights, M.L. suffered and continues to suffer injuries for which he is entitled to recover, including, but not limited to:

   (a) Past, present and future physical and psychological pain, suffering, and impairment;

   (b) Past, present and future medical bills, counseling, and other costs and expenses for medical and psychological care and treatment;

   (c) A marred educational opportunity and impaired educational capacity and future earning capacity;

   (d) Attorney's fees and other costs of litigation.

70. In addition to any damages not clearly set forth in the immediately above, M.L. seeks all damages, attorney's fees, and expenses under 42 U.S.C. § 1988.

**WHEREFORE,** Plaintiff, on behalf of M.L. as the natural parent, guardian, and Next Friend of M.L. respectfully request judgment against Defendant Douglas County School District as follows:

(a) For special and compensatory damages incurred for the past, present and future medical expenses of M.L., to include all expenses proven with certainty at trial;

(b) For general damages for M.L.'s past, present and future psychological and emotional injuries to be awarded in accordance with the enlightened conscience of impartial jurors at trial;

(c) For attorney's fees and expenses under 42 U.S.C. § 1988;

(d) For trial by jury; and

(e) For such other and further relief as this Court deems just and proper.

Respectfully submitted this 3rd day of July, 2025.

ISENBERG & HEWITT, P.C.

*/s/ Ryan L. Isenberg*
Ryan L. Isenberg
Georgia Bar No. 384899
Melvin L. Hewitt, Jr.
Georgia Bar No. 350319

1200 Altmore Avenue, Suite 120
Sandy Springs, Georgia 30342
T 770 351 4400
ryan@ihlaw.us
mel@isenberg-hewitt.com